IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| YACCOV COHEN, | ) |
| | ) |
| Petitioner, | ) |
| | )   Case No. 4:15-cv-01756-JAR |
| vs. | ) |
| | ) |
| OCEAN ESTER DEBORA COHEN, | ) |
| | ) |
| Respondent. | ) |

**RESPONDENT'S ANSWER TO PETITIONER'S COMPLAINT
FOR RETURN OF CHILD TO PETITIONER AND FOR
IMMEDIATE ISSUANCE OF SHOW CAUSE ORDER TO RESPONDENT**

COME NOW Respondent, OCEAN ESTER DEBORA COHEN, by and through counsel, and for her Answer to Petitioner's Complaint for Return of Child to Petitioner and for Immediate Issuance of Show Cause Order to Respondent, states to the court as follows:

1.      Respondent admits the allegations contained in paragraph 1 of Petitioner's Complaint that this action is filed pursuant to The Convention on the Civil aspects of International Child Abduction (hereinafter "Convention") as implemented in the United States by the International Child Abduction Remedies Act (hereinafter "ICARA"), but affirmatively states that the ICARA is inapplicable to the facts before this Honorable Court.

2.      Respondent admits that Petitioner's allegations contained in paragraph 2 of Petitioner's Complaint accurately reflect a portion of the applicable remedies offered under the ICARA, but Respondent specifically denies that the ICARA is applicable to the facts before the court in this cause.

3.      Respondent states that if this court believes that the minor child's habitual residence is Israel, then jurisdiction of this court is appropriate.  However, Respondent affirmatively states that

the habitual residence of the minor child is not Israel, rather, the habitual residence of the minor child

is St. Louis, Missouri, United States.

4.      Respondent admits the allegations contained in paragraph 4 of Petitioner's Complaint.

5.      Respondent admits the allegations contained in paragraph 5 of Petitioner's Complaint.

6.      Respondent admits the allegations contained in paragraph 6 of Petitioner's Complaint.

7.      Respondent admits the allegations contained in paragraph 7 of Petitioner's Complaint.

8.      Respondent denies the allegations contained in paragraph 8 of Petitioner's Complaint.

9.      Respondent denies the allegations contained in paragraph 9 of Petitioner's Complaint.

10.     Respondent denies the allegations contained in paragraph 10 of Petitioner's Complaint.

11.     Respondent denies the allegations contained in paragraph 11 of Petitioner's Complaint.

12.     Respondent denies the allegations contained in paragraph 12 of Petitioner's Complaint.

13.     Respondent denies the allegations contained in paragraph 13 of Petitioner's Complaint.

14.     Respondent denies the allegations contained in paragraph 14 of Petitioner's Complaint.

15.     Respondent denies the allegations contained in paragraph 15 of Petitioner's Complaint.

16.     Respondent denies the allegations contained in paragraph 16 of Petitioner's Complaint.

17.     Respondent denies the allegations contained in paragraph 17 of Petitioner's Complaint.

18.     Respondent denies the allegations contained in paragraph 18 of Petitioner's Complaint.

19.     Respondent admits the allegations contained in paragraph 19 of Petitioner's Complaint.

20.     Respondent denies the allegations contained in paragraph 20 of Petitioner's Complaint.

21.     Respondent denies the allegations contained in paragraph 21 of Petitioner's Complaint.

22.     Respondent denies the allegations contained in paragraph 22 of Petitioner's Complaint.

23.     Respondent denies the allegations contained in paragraph 23 of Petitioner's Complaint.

24.     Respondent denies the allegations contained in paragraph 24 of Petitioner's Complaint.

25.     Respondent admits the allegations contained in paragraph 25 of Petitioner's Complaint.

26.     Respondent denies the allegations contained in paragraph 26 of Petitioner's Complaint.

27.      Respondent denies the allegations contained in paragraph 27 of Petitioner's Complaint.

28.      Respondent denies the allegations contained in paragraph 28 of Petitioner's Complaint.

29.      Respondent denies the allegations contained in paragraph 29 of Petitioner's Complaint.

30.      Respondent admits that the allegations contained in paragraph 30 of Petitioner's Complaint accurately state a portion of the available remedies pursuant to statutes cited therein.

31.      Respondent admits that the allegations contained in paragraph 31 of Petitioner's Complaint accurately state a portion of the available remedies pursuant to statutes cited therein.

32.      Respondent admits that the allegations contained in paragraph 32 of Petitioner's Complaint accurately state a portion of the available remedies pursuant to statutes cited therein.

33.      Respondent denies the allegations contained in paragraph 33 of Petitioner's Complaint.

WHEREFORE, having fully answered, Respondent prays for an order of this court dismissing Petitioner's Complaint filed in this cause, and for such other and further orders the court deems just and proper in the premises, including, but not limited to, an award of Respondent's legal fees and costs pursuant to 42 U.S.C. §11607.

Respectfully submitted this 8th day of December, 2015.

LAW OFFICE OF NATHAN S. COHEN

BY:   /s/Nathan S. Cohen
Nathan S. Cohen, #36072 MO
Attorney for Defendant
210 South Bemiston Avenue
St. Louis, MO 63105
(314) 727-6088 - Telephone
(314) 727-6081 - Facsimile
nathan@nathanscohen.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing was filed with the Clerk of the Eastern District of Missouri System and that service was made by means of the Notice of Electronic Filing, this 8th day of December, 2015, upon:

Ms. Julia Farrell
Attorney for Plaintiff
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Julia.Farrell@huschblackwell.com       /s/Nathan S. Cohen